MUSKEGON OIL CORP. *v.* BLUE ARROW PETROLEUM CO.

1. MINES AND MINERALS—LEASES—IMPLIED COVENANTS—STATUTES.
    Where oil and gas lease was executed while 3 Comp. Laws 1915, § 11691, was in effect, no covenant could be implied as ground for forfeiture, although said statute was subsequently amended excepting such leases from its operation (3 Comp. Laws 1929, § 13281).

As to forfeiture of oil and gas lease generally, see annotation in 31 L. R. A. 673.

2. SAME—FAILURE TO DRILL WELL—FORFEITURE—CONSTRUCTION OF LEASE.

> Provision of clause in oil and gas lease requiring drilling of at least one well each year construed, and *held*, not to function while oil and gas are being produced in paying quantities, and therefore failure to drill well for year under such conditions was not ground for forfeiture.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 5, 1932. (Docket No. 23, Calendar No. 36,102.) Decided April 4, 1932. Rehearing denied June 6, 1932.

Bill by Muskegon Oil Corporation, a Michigan corporation, against Blue Arrow Petroleum Corporation, a Michigan corporation, and others to enjoin trespassing on leased premises and for other relief. Cross-bills by defendants to set aside plaintiff's oil and gas lease and for damages. From decree forfeiting plaintiff's lease as to undeveloped lands, plaintiff appeals. Reversed.

*Turner, Engle & Cochran,* for plaintiff.

*William J. Branstrom,* for defendants Blue Arrow Petroleum Company and C. B. Jetter.

*A. W. Penny,* for defendant Bankers' Trust Company of Muskegon.

WIEST, J. An oil and gas lease, covering 225 acres of land in Muskegon county, executed by defendant Bankers' Trust Company, trustee, as lessor, to plaintiff as lessee, on October 13, 1927, contained the following habendum:

"To have and to hold unto the said lessee for the term of one year from the date hereof, and as much longer thereafter as oil, gas and minerals are found in paying quantities thereon, and lessee continues to produce and market same. In case no well

is drilled on the above described premises within one year from the date hereof, then this lease to be null and void, but the drilling of each well, when operations are completed, shall operate to extend the continuance of this lease for one year from the date of such completion.''

Plaintiff, as lessee, entered upon the premises, drilled paying wells, expended $77,045.37, in development and operations, produced 86,508 barrels of oil, from which the lessor received about $15,000 in royalties and also a monthly sum from gas sales. On December 30, 1930, and during the course of such paying production, the lessor served upon the lessee and filed with the register of deeds a notice of forfeiture of the lease, alleging breach of implied covenants to develop the premises for oil and gas, want of diligence in sinking wells, and failure to drill offset wells. Plaintiff filed a counter notice, under 3 Comp. Laws 1929, § 13506, and this remitted the lessor to remedies at law or in equity. December 30, 1930, the same day as the notice of forfeiture, the defendant Bankers' Trust Company, trustee, executed an oil and gas lease to the defendant Blue Arrow Petroleum Company, covering the premises theretofore leased to plaintiff, and alleged therein that plaintiff's lease was null and void, but provided, however:

''It is understood and agreed that the rights and interests hereby granted are subject to any legal rights that the said Reed Oil Company, J. Brooke Reed and Muskegon Oil Corporation, as aforesaid, with any and all persons holding under them or any of them, may have in and to said premises by reason of any leases heretofore made and entered into by said lessor.''

That lease, by express covenants, obligated the Blue Arrow Petroleum Company to perform the

things claimed to have been due from plaintiff under implied covenants. Under its lease the Blue Arrow Petroleum Company entered upon the premises, theretofore leased to plaintiff, and started to drill a well within 409 feet of one of plaintiff's wells. Thereupon plaintiff filed the bill herein to enjoin operations and interference by defendants with its leasehold rights. Defendant Bankers' Trust Company answered, and, by cross-bill, asked the court to adjudge plaintiff's lease forfeited. The other defendants also filed answers and asked damages because of restraint on operations.

The circuit judge decreed forfeiture of plaintiff's lease, except as to about 30 acres of the premises serving wells drilled by plaintiff, dissolved the injunction theretofore granted, and reserved the matter of damages to be awarded against plaintiff.

Plaintiff states five questions involved, and defendant Bankers' Trust Company states four additional. Summarized, the questions are:

1. Are defendants trespassers?
2. Can this lease be forfeited for breach of implied covenants?
3. If so, has reason for forfeiture been established?
4. Had the court power to cancel the lease in part and split the acreage thereby?

At the time the lease to plaintiff was executed, the statute, 3 Comp. Laws 1915, § 11691, provided:

"No covenant shall be implied in any conveyance of real estate, whether such conveyance contain special covenants or not."

This statute was amended by Act No. 168, Pub. Acts 1929 (3 Comp. Laws 1929, § 13281), and now reads:

"No covenant shall be implied in any conveyance of real estate, except oil and gas leases, whether such conveyance contain special covenants or not."

The statute in force at the time the lease to plaintiff was executed barred implied covenants. The amendment supplies an exception not before permissible. The legislature, by the amendment, recognized that the statute as it stood barred implied covenants in oil and gas leases and changed the law on the subject. Outside of the statute, courts in other jurisdictions are not in harmony upon the question of implied covenants in oil and gas leases, and a multitude of decisions, pro and con, by eminent jurists, could be cited.

In the lease before us no such covenants can be implied as claimed by defendants and evidently found by the trial judge as grounds for forfeiture. Forfeiture for not drilling offset wells and in not making more extensive development cannot be declared.

Defendants also claimed that the lease required at least one well to be drilled each year, and, during the year preceding notice of forfeiture, no new well was drilled, although an existing well was extended to a lower formation. This calls for construction of the mentioned terms of the lease. Oil and gas, under plaintiff's development, were found in paying quantities, and plaintiff continues to produce and market the same. Plaintiff's term continues while such condition exists, and the requirement to drill a well each year does not function unless and until the first condition fails. A holding in accord with defendants' contention would result in forfeiture when no more wells can be put down, regardless of whether each well continues to produce oil and gas in paying quantities.

We find no forfeiture, and hold the lease is in full force and effect. The Blue Arrow Petroleum Company and its agents, under the subsequent lease, are trespassers.

The decree in the circuit court is reversed, and a decree will be entered in this court in accord with this opinion, and remanding the case to the circuit court to determine and decree damages sustained by plaintiff. Plaintiff will recover costs.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.